UNITED STATES of America, Plaintiff,

v.

Jesse AILSWORTH, Jr., a/k/a "J.C.", Undra P. Mock, Kenneth R. Torain, Arnett Louise Rice, a/k/a Delores Perry, Terence J. Douglas, a/k/a "T", George T. Stewart, Jr., a/k/a "Pigg", and Calvin Lee Conway, Defendants.

Nos. 94–40017–01–SAC to
94–40017–07–SAC.

United States District Court,
D. Kansas.

Oct. 27, 1994.

Joseph D. Johnson, Joseph D. Johnson, Chtd., Charles D. Dedmon, Office of Federal Public Defender, Topeka, KS, for defendant Jesse Ailsworth, Jr., aka "J.C."

F.G. Manzanares, Jerold E. Berger, Topeka, KS, for defendant Undra P. Mock.

James G. Chappas, Jr., Topeka, KS, for defendant Kenneth R. Torain.

Mark L. Bennett, Jr., Bennett & Dillon, Topeka, KS, Benjamin C. Wood, Lawrence, KS, for defendant Arnett Louise Rice aka Delores Perry aka Arnett L. Rice.

Matthew B. Works, Works, Works & Works, P.A., Amy C. Bixler, Alan G. Warner, Topeka, KS, for defendant Terence J. Douglas, aka "T" aka Terrance J. Douglas.

Stephen W. Kessler, Topeka, KS, for defendant George Stewart, Jr., aka "Pigg".

Jeannine D. Herron, William K. Rork, Rork Law Office, Topeka, KS, for defendant Calvin Lee Conway aka Calvin L. Conway.

Gregory G. Hough, Office of U.S. Atty., Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

On March 24, 1994, the grand jury returned a twenty count superseding sealed indictment charging certain violations of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute cocaine base), 21 U.S.C. § 841(a)(1) (possession with intent to distribute), 7 U.S.C. § 2024(b) (unlawful acquisition of food stamps), 18 U.S.C. § 924(c)(1) (use of a firearm during and in relation to a drug trafficking crime), and 26 U.S.C. § 5861(h) (receipt or possession of a firearm without serial number or other identification).

On August 24, 1994, this court entered a seventy-two page memorandum and order disposing of several pretrial motions filed by the defendants. *See United States v. Ailsworth,* 1994 WL 539347, 1994 U.S. Dist. LEXIS 14413 (D.Kan. Aug. 24, 1994). In that order, certain motions were taken under advisement to be decided on the eve of or during trial.

In that memorandum and order, the court granted the defendants' motion to compel retention of notes, logs, recordings, reports and statements of government agents (Dk. 158) to the extent that the court would inspect in camera the disputed materials and decide if additional production is required. In accordance with that order, the government has provided the materials described on pages 2 and 3 of its "Response to Defendants' Motion in Limine Regarding Disclosures" of September 28, 1994 (Dk. 294). The court has reviewed those materials and concludes, based upon its review of the materials provided as well as the government's description of the items it has provided the defendants, that the government has already provided to the defendants all of the Jencks Act

material in its possession which it would be obligated to turn over to the defendants. The court has returned all of those materials provided by the government to the government.

On October 3, 1994, trial was set to commence on October 31, 1994. On October 19, 1994, the grand jury returned a thirty-seven page second superseding indictment, adding twenty-five additional counts, for a total of forty-five counts. In addition to the crimes charged in the superseding indictment, the second superseding indictment charges violations of 21 U.S.C. § 843(b) (use of a communication facility to cause or facilitate a felony drug trafficking crime), 21 U.S.C. § 856 (control of a building for the purpose of storing a controlled substance), and 18 U.S.C. § 922(g) (felon in possession of a firearm). The second superseding indictment also charges another violation of 21 U.S.C. § 841 and another violation of 18 U.S.C. § 924(c)(1).

The following motions yet remain undecided:

**Joint Motions filed on behalf of all the defendants:**

1. Joint motion for discovery of information relating to specified evidence that the government intends to use at trial (Dk. 275).

2. Motion of defendants in limine (Dk. 277).

**Motions filed by Jesse Ailsworth (represented by Joseph Johnson):**

1. Motion to exclude unintelligible audio and video tapes (Dk. 187).[1]

2. Motion to strike surplusage language in affidavit (Dk. 188).[2]

**Motions filed by Undra P. Mock (represented by Jerold E. Berger):**

1. Motion to exclude unintelligible audio and video tapes (Dk. 197).[3]

2. Motion to strike surplusage language in affidavit (Dk. 199).[4]

3. Motion in limine [Re: Exclusion of certain statements by arresting officers] (Dk. 244).[5]

**Motions filed by Kenneth R. Torain (represented by James Chappas):**

1. Motion in limine [Re: Exclusion of evidence of previous convictions and juvenile proceedings] (Dk. 118).[6]

2. Supplemental motion in limine [Re: Exclusion of evidence of previous misdemeanor conviction for possession of a concealed firearm] (Dk. 247).

3. Second supplemental motion in limine [Re: Rule 404(b) evidence relating to alleged drug transaction in which Torain personally participated] (Dk. 249).

4. Motion for additional grand jury selection information (Dk. 257).

5. Motion for enlargement of time to move to quash grand jury indictment (Dk. 279).

6. Third supplemental motion in limine [Re: Exclusion of evidence pertaining to alleged sales of confidential informant to Torain's brothers and one sister] (Dk. 282).

7. Motion for entitlement to present evidence of alibi at trial and to receive an instruction of alibi defense (Dk. 245).

8. Supplement to joint motion for discovery of information relating to specified evidence that the government intends to use at trial (Dk. 280).

1. This motion was taken under advisement in the court's August 24, 1994, memorandum and order.

2. This motion was taken under advisement in the court's August 24, 1994, memorandum and order.

3. This motion was taken under advisement in the court's August 24, 1994, memorandum and order.

4. This motion was taken under advisement in the court's August 24, 1994, memorandum and order.

5. This motion lacks sufficient particularity to make any meaningful evaluation of the motion.

6. This motion was taken under advisement in the court's August 24, 1994, memorandum and order.

**Motions filed by George Stewart (represented by Stephen Kessler):**

1. Motion in limine [Re: Exclusion of evidence of defendant's prior conviction for possession of a controlled substance] (Dk. 93).[7]

2. Memorandum in support of defendant Stewart's request to present alibi evidence and for an alibi instruction (Dk. 253).

3. Motion for order to issue subpoena [Re: Issuance of subpoena under Fed. R.Crim.P. 17(b) for Eddielena Green of Montgomery, Alabama] (Dk. 251).

**Motions filed by the Government:**

1. Motion to compel discovery (Dk. 203).

2. Motion in limine [Re: Exclusion of Stewart and Torain's "alibi" witnesses' testimony] (Dk. 243).

3. Motion in limine regarding Douglas' alibi evidence (Dk. 268).

4. Motion in limine [Re: Evidence concerning the address or whereabouts of Johnnie Evans, the confidential informant] (Dk. 256).

On October 25, 1994, the court heard oral argument on the pending motions. At the outset of the hearing, the court indicated that it would limit oral argument to thirty minutes per side, based upon the court's assessment that such an allotment of time would allow each side an opportunity to adequately present the key aspects of their respective positions. Counsel for Torain objected to

that time limitation. The court simply notes the defendants did not use all of the time allotted to them, a fact essentially confirming the reasonableness of the court's time limitation.

At the hearing, based upon the defendants' uniform position that they would be unable to proceed on October 31, 1994, as they were unprepared to defend against the additional twenty-five counts added by the second superseding indictment, the trial of this case was continued and reset to commence on November 28, 1994.

Having considered the briefs and arguments of counsel, and the applicable law, the court is now prepared to rule on some of the pending motions yet undecided.

**Analysis of Motions to be decided or discussed before trial:[8]**

**Joint Motions filed on behalf of all the defendants:**

**Joint motion for discovery of information relating to specified evidence that the government intends to use at trial (Dk. 275); Supplement to joint motion for discovery of information relating to specified evidence that the government intends to use at trial (Dk. 280).**

Based upon their perception that the government has not provided full discovery as agreed to at the omnibus hearing, the defendants essentially renew their requests for discovery which the court previously denied

---

**7.** This motion was taken under advisement in the court's August 24, 1994, memorandum and order.

**8.** The court takes under advisement the following motions: Motion to exclude unintelligible audio and video tapes (Dk. 187); Motion to strike surplusage language in affidavit (Dk. 188); Motion to exclude unintelligible audio and video tapes (Dk. 197); Motion to strike surplusage language in affidavit (Dk. 199); Motion in limine [Re: Exclusion of certain statements by arresting officers] (Dk. 244); Motion in limine [Re: Exclusion of evidence of previous convictions and juvenile proceedings] (Dk. 118); Supplemental motion in limine [Re: Exclusion of evidence of previous misdemeanor conviction for possession of a concealed firearm] (Dk. 247); Second supplemental motion in limine [Re: Rule 404(b) evidence relating to alleged drug transaction in which Torain personally participated] (Dk. 249); Third supple-

mental motion in limine [Re: Exclusion of evidence pertaining to alleged sales of confidential informant to Torain's brothers and one sister] (Dk. 282); Motion for entitlement to present evidence of alibi at trial and to receive an instruction of alibi defense (Dk. 245); Motion in limine [Re: Exclusion of evidence of defendant's prior conviction for possession of a controlled substance] (Dk. 93); Memorandum in support of defendant Stewart's request to present alibi evidence and for an alibi instruction (Dk. 253); Motion for order to issue subpoena [Re: Issuance of subpoena under Fed.R.Crim.P. 17(b) for Eddielena Green of Montgomery, Alabama] (Dk. 251); Motion to Compel discovery (Dk. 203); Motion in limine [Re: Exclusion of Stewart and Torain's "alibi" witnesses' testimony] (Dk. 243); Motion in limine regarding Douglas' alibi evidence (Dk. 268); Motion in limine [Re: Evidence concerning the address or whereabouts of Johnnie Evans, the confidential informant] (Dk. 256).

in part upon the merits and in part as moot in its August 24, 1994, memorandum and order. The defendants contend that the government has misled the court and the defendants as it has not provided full discovery in this case.

The government responds, indicating that it has provided the defendants with all of the information that they seek. The government contends that it has provided the defendants with all Jencks Act material and has provided the defendants with all indicted and unindicted coconspirators' statements. The government argues that the defendants are informally seeking a bill of particulars, when their initial request for such a bill was correctly denied. The government also indicates that it will provide an exhibit list to the defendants 48 hours prior to trial.

The court accepts the government's renewed assurance that it has provided all of the information within its possession, and these motions are denied as moot.

### Motions of defendants in limine (Dk. 277).

■ In this motion, the defendants seek to exclude from trial any and all information contained in the "facts" communique to counsel dated September 28, 1994. The defendants basically argue that not until that communique were they informed of information which the government intends to introduce through the testimony of its confidential informant. The defendants contend that the government has sandbagged them by not providing this information sooner. The defendants contend that this late disclosure will severely prejudice them and make it impossible for them to adequately prepare to defend against the charges in the indictment and proceed to trial October 31, 1994.

The government responds, indicating that the information it provided to the defendants was not a "statement" within the meaning of

18 U.S.C. § 3500(e) (The Jencks Act), and that even if portions of that communique qualify as Jencks Act material, the government was under no obligation to provide that information until *after* the confidential informant testified. The government contends that it has promptly fulfilled its obligations under the reciprocal discovery order and that the defendants' motion should be denied. Even if the government has somehow breached the discovery agreement, the government suggests that a continuance would cure any prejudice the defendants may otherwise suffer from the "late" disclosure of the confidential informant's testimony.

■ The proper analysis of this issue turns on the answers to the following questions:

1. Did the government breach the agreement it entered regarding full discovery at the omnibus hearing?[9] If the answer is "Yes," the next issue must be addressed:

2. What is the appropriate remedy for the government's breach of the agreement to provide prompt and full discovery?

In *United States v. Mavrokordatos*, 933 F.2d 843 (10th Cir.1991), the government appealed the district court's pretrial order excluding the testimony of six government witnesses because the government's alleged breach of the discovery deadline agreed to by the government and the defendant. The Tenth Circuit reversed, finding that the government had provided most of the discovery prior to the deadline, and therefore no breach had occurred. As to the other materials, the Tenth Circuit held that although the government had provided two of the reports a few days after the deadline, there was no evidence that the government had acted in bad faith. Nor was the defendant able to articulate any prejudice as a result of the government's delay in providing the reports. Based upon these circumstances, the

---

9. The agreement between the defendants and the government reached during the omnibus hearing regarding reciprocal discovery is akin to a contractual agreement. *Cf., United States v. Gamble,* 917 F.2d 1280, 1282 (10th Cir.1990) ("In determining the rights of a defendant, or the government, under a plea agreement in a criminal proceeding the '[c]ourts have frequently looked to contract law analogies.'") (*quoting United States v. Calabrese,* 645 F.2d 1379, 1390 (10th Cir.), *cert. denied,* 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981)). As all contracts embody a duty of good faith and fair dealing, it is reasonable to assume that a similar duty arises in this setting.

Tenth Circuit found that the district court abused its discretion in excluding the testimony of the witnesses.

■ In determining the appropriate sanction for noncompliance with a discovery order the Tenth Circuit has looked to the following factors which the trial court must evaluate:

"(1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance." [*United States v. Wicker*], 848 F.2d [1059] at 1061 [(10th Cir.)] (citing [*United States v.*] *Euceda–Hernandez,* 768 F.2d [1307] at 1312 [(11th Cir.)]; *United States v. Fernandez,* 780 F.2d 1573, 1576(11th Cir.)).

933 F.2d at 847.

The defendants do not appear to argue that the government's disclosure violated the express terms of the agreement to provide full discovery, only that the disclosure of the information provided by the confidential informant was late. Instead, the defendants essentially argue that the government has breached the implied covenant of good faith in the performance of its agreement to provide full discovery by its unwarranted delay in debriefing the confidential informant. During oral argument, the defendants basically argued that the government, for strategic purposes, had waited to debrief the confidential informant until after the defendants had filed their pretrial motions. By doing so, the defendants argued that the government was able to see and fill holes in its case against each of the defendants. The defendants contend that the testimony of the confi-

dential informant now conveniently fills the gaps the government has gleaned from the motions they have filed.

While the government's performance in this case should perhaps not be viewed as a paradigm for future cases,[10] there is no showing of bad faith by the government. The defendants' suggestion that the government has manipulated the timing of its debriefing of the witness to its advantage is merely speculation on their part. The court notes that the government, immediately after the witness's debriefing, provided disclosure of the substance of the witness's anticipated testimony, and that such disclosure occurred in advance of trial, albeit not well in advance of trial.

Even if the government did in some way breach the full discovery agreement, the court would find that a continuance, rather than exclusion of evidence, would be the appropriate remedy.

### Torain's Motions

4. Motion for additional grand jury selection information (Dk. 257).

5. Motion for enlargement of time to move to quash grand jury indictment (Dk. 279).

■ In these motions, the defendant requests additional information relevant to the selection of the grand jury; the second motion merely requests additional time. Torain argues that because D.Kan. Rule 125(f) was violated,[11] and because African–Americans are under-represented statistically, his discovery requests should be granted.

The government opposes the defendant's motion, erroneously conceding that a violation of Rule 125 occurred in this case, but arguing that the defendant has nevertheless made an insufficient showing to warrant additional discovery.

---

**10.** In light of the government's repeated assurances that this was a "full" discovery case, the government's failure to debrief one of its key witnesses sufficiently in advance of trial arguably does not exhibit an abundance of foresight or prudence. So as to avoid similar problems in the future, if the government agrees to provide full discovery, the court encourages the government to more thoroughly evaluate the need to debrief its witnesses earlier in the proceedings.

**11.** D.Kan. Rule 125(f) provides in pertinent part:

> The master wheel shall be emptied and refilled, as herein provided, between January 1 and June 30 of the year following the year in which a presidential election is held.

Torain argues that the wheel was not refilled in the manner prescribed by the Rule, resulting in under-representation of African–Americans.

The parties have incorrectly interpreted Rule 125 and/or the facts surrounding the selection of the grand jury returning the indictment and superseding indictment in this case. Fed.R.Crim.P. 6(g) states that a grand jury shall serve until discharged, but not longer than 18 months (unless extended by the court upon a determination that such an extension is in the public interest.) The panel that returned the indictment and superseding indictment in this case was impanelled on January 27, 1993. D.Kan. Rule 125(f) states that the wheel shall be emptied and refilled between January 1 and June 30 of the year following the year in which a presidential election is held. A presidential election was held in November, 1992, and the master wheel was refilled April 22, 1993, in accordance with D.Kan. Rule 125(f). Therefore, no violation of the court's local rule occurred.

Of more significance, the second superseding indictment, filed on October 19, 1994, was returned by a grand jury selected from the wheel filled on April 22, 1993. Torain's motion has therefore not presented any evidence to base a request for additional discovery relevant to the grand jury which has returned the second superseding indictment. Torain's motion is therefore denied, as is his motion for an extension of time.

Nevertheless, the defendant is permitted to inspect the grand jury wheel subject to the same limitations stated in the court's August 24, 1994, memorandum and order.

### Evidence of Alibi

The following motions/memoranda deal with the issue of whether any of the defendants should be permitted to introduce evidence of alibi:

### Torain

7. Motion for entitlement to present evidence of alibi at trial and to receive an instruction of alibi defense (Dk. 245).

### Stewart

2. Memorandum in support of defendant Stewart's request to present alibi evidence and for an alibi instruction (Dk. 253).

### Government

2. Motion in limine [Re: Exclusion of Stewart and Torain's "alibi" witnesses' testimony] (Dk. 243).

3. Motion in limine regarding Douglas' alibi evidence (Dk. 268).

During a previous hearing, the court directed the parties' attention to *United States v. Thomas,* 34 F.3d 44 (2nd Cir.1994), concerning the issue of whether an alibi jury instruction is warranted in cases where the defendant is charged under a *Pinkerton* or aiding and abetting theory. In *Thomas,* the defendants were charged with conspiracy to distribute cocaine, distribution of cocaine, murdering of a federal agent, murder in furtherance of the conspiracy to distribute cocaine and use of a firearm during and in relation to a drug trafficking crime. At trial, one of the defendants introduced the testimony of four witnesses who indicated that he was in New York City at the time the federal agent was shot in Syracuse. The defendant argued on appeal that the district court erred in not giving an alibi instruction. The court of appeals disagreed, holding that the district court did not error in refusing to give an "alibi" instruction where the defendant, as to each of the substantive counts, was charged under both an aiding and abetting theory and a *Pinkerton* theory.

■ By directing the parties' attention to the Second Circuit's opinion in *Thomas,* this court was simply prompting the parties, in advance of trial, to research and consider the appropriateness of an alibi jury instruction in the case at bar. At present, the parties not only dispute the issue of whether such a jury instruction is appropriate, but also whether the defendants should be permitted to introduce evidence that they were not present on certain occasions. The government contends that because the defendants may be convicted under an aiding and abetting theory and/or a *Pinkerton* theory, the issue of their physical presence at any scene of a crime is completely irrelevant and should be excluded as such.

The defendants contend that physical presence is relevant, particularly with regard to the substantive counts. The defendants also

argue that if there is no evidence to support their conviction as to any substantive counts, the jury may also acquit them on the conspiracy count.

 A defendant in a case charging a conspiracy may be liable for each of the substantive counts charged in the indictment under three separate theories:

1. Actual commission of the crime;

2. Participation in the crime as an aider or abettor;

3. Liability under a *Pinkerton* theory.[12]

Because the government may prove liability under any alternative theory, and because the jury will not return a verdict indicating the precise manner in which the defendant committed the crime, the defendant is entitled to introduce evidence tending to demonstrate that he was not physically present at the time a crime was committed. It belabors the obvious that presence at the scene of a crime is incriminating evidence. *Cf., United States v. Cartwright,* 6 F.3d 294, 299 (5th Cir.1993) (intent to distribute may be inferred from actions at the scene as well as from the large quantity of drugs involved), *petition for cert. filed,* July 19, 1994. To preclude the defendants from presenting this evidence, if that evidence is relevant, i.e., that it would tend to demonstrate that they were not at the scene of the crime, would seemingly violate their constitutional right to present evidence in their own defense.

As the court is only aware of the general nature of the defendant's evidence, the court will make no attempt to render a definitive ruling as to the admissibility of their "alibi" evidence at this time. The court simply believes that these observations may assist the parties in evaluating their respective positions.[13] Similarly, the court at this time expresses no final opinion on the appropriateness of an "alibi" jury instruction in the case at bar.

## Government's Motion Regarding Discovery Motion to Compel Discovery (Dk. 203).

During a previous hearing, the court specifically asked the defendants if they had provided to the government all of the reciprocal discovery they intended to provide. The defendants' appeared to agree that they had provided all of the discovery in their possession that they intended to offer at trial. During the October 25, 1994, hearing, the government indicated the limited extent of the discovery that it had received from the defendants. In light of the second superseding indictment, some of the defendants indicated that they may wish to provide further discovery to the government. The court simply reminds the defendants of the reciprocal nature of the agreement entered regarding discovery and anticipates that all parties will adhere to that agreement without further intervention by the court.

IT IS THEREFORE ORDERED that the Joint Motion for discovery of information relating to specified evidence that the government intends to use at trial (Dk. 275) and the Supplement to joint motion for discovery of information relating to specified evidence that the government intends to use at trial (Dk. 280) are denied as moot.

IT IS FURTHER ORDERED that the Motion of defendants in limine (Dk. 277) is denied.

IT IS FURTHER ORDERED that Torain's Motion for additional grand jury selection information (Dk. 257) and his Motion for enlargement of time to move to quash grand jury indictment (Dk. 279) are denied.

IT IS FURTHER ORDERED that the Clerk of the Court shall allow Torain to inspect the master jury wheel, the qualified jury wheel and the completed jury qualification forms relevant to grand jury which returned the second superseding indictment in

---

12. "A conspiracy participant is legally liable for all reasonably foreseeable acts of his or her co-conspirators in furtherance of the conspiracy." *United States v. Brewer,* 983 F.2d 181, 185 (10th Cir.) (citing *Pinkerton v. United States,* 328 U.S. 640, 646–47, 66 S.Ct. 1180, 1184, 90 L.Ed. 1489 (1946)), *cert. denied,* —— U.S. ——, 113 S.Ct. 2348, 124 L.Ed.2d 257 (1993).

13. To save time, if the government does not claim that the defendant was actually present during the commission of the crime, it is possible that the parties may be able to reach a stipulation as to the defendant's location at the relevant time.

this case. Torain shall be allowed access to these records only for purposes of inspection. The right of access shall be by appointment only. The defendant shall not be allowed to make photostatic or any other manner of copy of any of the information provided without written permission of the court. The defendant may seek permission to make copies of the information in the manner set forth in the court's August 24, 1994, memorandum and order.

Until further written order of this court, the defendant is denied access to a list of the jurors on the grand jury that returned the instant indictment and to all materials pertaining to the selection of prospective jurors in this case or the grand jury which returned the indictment in this case, including but not limited to, the starting name and number used to select the grand jury. The Clerk, his staff and C.C. & S. Data Processors, Inc., shall in no way indicate any manner by which the list of prospective petit or actual grand jurors might be determined from reference to the master or qualified wheels.

Violation of this court's order will be considered not only as contempt of court, but also as a violation of 28 U.S.C. § 1867(f), which imposes a maximum sentence of $1,000 and imprisonment of one year. If the Clerk of the Court or his staff have any questions pertaining to their duties under this order, they shall contact this court immediately.

No government or defense attorney in this action, or any defendant, or any other person acting on their behalf, shall himself, or through any investigator or other person acting for him, interview, examine, question or contact any prospective juror for this case or any juror on the grand jury that returned the instant indictment, or any relatives, friends or associates of such prospective juror or grand juror, either prior to trial, during the pendency of trial, or with the respect to the deliberations or verdict of the grand and petit juries in this case except on express written leave of this court on good cause shown. Violations of this paragraph will not only be considered as contempt of court, but will also be reported to the Justice Department for investigation.

IT IS FURTHER ORDERED that the following motions are taken under advisement:

**Motions filed by Jesse Ailsworth:**

1. Motion to exclude unintelligible audio and video tapes (Dk. 187).
2. Motion to strike surplusage language in affidavit (Dk. 188).

**Motions filed by Undra P. Mock:**

1. Motion to exclude unintelligible audio and video tapes (Dk. 197).
2. Motion to strike surplusage language in affidavit (Dk. 199).
3. Motion in limine [Re: Exclusion of certain statements by arresting officers] (Dk. 244).

**Motions filed by Kenneth R. Torain:**

1. Motion in limine [Re: Exclusion of evidence of previous convictions and juvenile proceedings] (Dk. 118).
2. Supplemental motion in limine [Re: Exclusion of evidence of previous misdemeanor conviction for possession of a concealed firearm] (Dk. 247).
3. Second supplemental motion in limine [Re: Rule 404(b) evidence relating to alleged drug transaction in which Torain personally participated] (Dk. 249).
6. Third supplemental motion in limine [Re: Exclusion of evidence pertaining to alleged sales of confidential informant to Torain's brothers and one sister] (Dk. 282).
7. Motion for entitlement to present evidence of alibi at trial and to receive an instruction of alibi defense (Dk. 245).

**Motions filed by George Stewart:**

1. Motion in limine [Re: Exclusion of evidence of defendant's prior conviction for possession of a controlled substance] (Dk. 93).
2. Memorandum in support of defendant Stewart's request to present alibi evidence and for an alibi instruction (Dk. 253).
3. Motion for order to issue subpoena [Re: Issuance of subpoena under Fed. R.Crim.P. 17(b) for Eddielena Green of Montgomery, Alabama] (Dk. 251).

**Motions filed by the Government:**

1. Motion to compel discovery (Dk. 203).

2. Motion in limine [Re: Exclusion of Stewart and Torain's "alibi" witnesses' testimony] (Dk. 243).

3. Motion in limine regarding Douglas' alibi evidence (Dk. 268).

4. Motion in limine [Re: Evidence concerning the address or whereabouts of Johnnie Evans, the confidential informant] (Dk. 256).