WILLHAUCK *v.* FLANAGAN ᴇᴛ ᴀʟ.

No. A–169.   Decided August 28, 1980

Mʀ. Jᴜsᴛɪᴄᴇ Bʀᴇɴɴᴀɴ, Circuit Justice.

This is an application for a stay pending appeal to the United States Court of Appeals for the First Circuit from an order of the United States District Court for the District of Massachusetts denying a request for a temporary restraining order.   The facts are briefly as follows.   On July 2, 1979, the applicant, Francis A. Willhauck, Jr., allegedly led local police on a high-speed automobile chase through Norfolk and Suffolk Counties.   He was finally arrested in Suffolk County and charged with various offenses by the District Attorneys in both counties.   In Norfolk County (Quincy District Court), he was charged with driving so as to endanger, failure to stop for a police officer, failure to slow down for an intersection, and driving at an unreasonable speed.   In Suffolk County (West Roxbury District Court), he was also charged with driving so as to endanger and failure to stop for a police officer, and in addition was charged with assault and battery with a motor vehicle.

With the complaints pending in the respective county District Courts, applicant moved in Quincy District Court to

consolidate the cases into a single proceeding there pursuant to Rule 37 of the Massachusetts Rules of Criminal Procedure. However, since the Rule requires the written approval of both prosecuting attorneys to effectuate transfer and consolidation, his attempt failed when one of the District Attorneys apparently declined to approve the consolidation. Applicant subsequently moved for consolidation in at least one of the Superior Courts of Norfolk and Suffolk Counties, where his indictment was handed down, but the motion was similarly denied.

Finally, applicant brought his claim before a single justice of the Massachusetts Supreme Judicial Court, contending, *inter alia,* that failure to consolidate would put him twice in jeopardy for the same offenses, in violation of the Constitution. The justice dismissed it in a four-page memorandum and order for judgment entered June 19, 1980, rejecting applicant's argument that the charges in the two counties were for a single offense. He also noted that, even if he had the power to transfer and consolidate the two trials, he would refuse to do so because, in his view, this would be an unwarranted intrusion and interference with the lower courts and prosecutors.

On August 1, 1980, Willhauck brought an action pursuant to 42 U. S. C. § 1983 in Federal District Court to obtain a declaration that Massachusetts Rule of Criminal Procedure 37 (b)(2), giving prosecuting attorneys a veto over transfer and consolidation, violates the Double Jeopardy and Due Process Clauses of the Constitution. He sought a temporary restraining order, a preliminary injunction, and a permanent injunction against the two county District Attorneys to enjoin their criminal prosecutions against him. The District Court entered an order denying a temporary restraining order on August 12, 1980, on the basis that applicant's prayer for relief did not fall within one of the recognized exceptions to the rule announced in *Younger* v. *Harris,* 401 U. S. 37 (1971). Will-

hauck later moved for a stay of the District Court order in the Court of Appeals for the First Circuit pending appeal. The Court of Appeals denied this motion on August 13, 1980, assuming without deciding that the District Court's order was "in reality" an order denying a preliminary injunction.

Willhauck now applies to me as Circuit Justice for a stay pending resolution of his appeal to the Court of Appeals for the First Circuit. The cases against him appear to be proceeding simultaneously in Suffolk Superior and Quincy District Courts. He was scheduled for "status" hearings in the two courts on August 14, or August 14 and 15, 1980. Applicant advises me that both cases now have been continued until September 12, 1980.

In my view, Willhauck has a potentially substantial double jeopardy claim, if not on the face of the Massachusetts Rule or as applied to him, then simply on the possibility the State may conduct simultaneous prosecutions against him in two separate courts on the same offenses. Whether the *Younger* doctrine would bar federal intervention in a continuing state criminal proceeding in this simultaneous prosecution context or, for that matter, in a case where the claim of double jeopardy is made after jeopardy has attached in the first proceeding, seems to me an open question. The principles of *Abney* v. *United States*, 431 U. S. 651 (1977), and *Harris* v. *Washington*, 404 U. S. 55 (1971) (*per curiam*), suggest that an exception to *Younger* for double jeopardy claims may be appropriate, at least when all state remedies have been exhausted.

Nevertheless, I do not find that applicant has alleged sufficient irreparable harm for me to consider whether there is a reasonable probability that four Justices would consider the above issue sufficiently meritorious to grant certiorari, should the merits of the case eventually come before us. Neither trial has begun and no jury has been empaneled. Until a jury is empaneled and sworn, *Crist* v. *Bretz*, 437 U. S. 28, 38

(1978), or, in a bench trial, until the first witness is sworn, *id.,* at 37, n. 15 (federal rule); *Serfass* v. *United States,* 420 U. S. 377, 388 (1975) (federal rule), jeopardy does not attach. Accordingly, applicant's constitutional claim is premature. Of course, once jeopardy does attach in one of the trials, applicant should be able to make his claim before the second trial judge, at which time the courts can give due consideration to his claim.

Therefore, I deny the application for a stay pending appeal.