UNITED STATES of America, Plaintiff,

v.

Ellis McHENRY, Defendant.

No. 1:93 CR 0084.

United States District Court,
N.D. Ohio, E.D.

May 11, 1993.

Phillip Tripi, Asst. U.S. Atty., U.S. Attorney's Office, Cleveland, OH, for plaintiff.

Debra M. Hughes and Donald N. Krosin, Asst. Federal Public Defenders, Cleveland, OH, for defendant.

### MEMORANDUM OPINION AND ORDER

DOWD, District Judge.

On April 29, 1993, this Court denied defendant Ellis McHenry's (defendant) motion to dismiss counts 2, 4, and 6 of the indictment as violating the double jeopardy clause of the Fifth Amendment, (docket No. 22). Defendant has filed a notice of an interlocutory appeal of the Court's April 29, 1993, and has orally moved for a stay of the criminal proceedings until after the double jeopardy issue is resolved by the Sixth Circuit. For the reasons that follow, this motion is denied.

Counts 1, 3, and 5 of the indictment charge defendant with the commission of three carjackings, or theft of automobiles with the use of force or violence, in violation of 18 U.S.C. § 2119. It is the government's contention that defendant displayed a handgun in each of the incidents. Counts 2, 4 and 6 of the indictment charge defendant with violation of 18 U.S.C. § 924(c)(1) which proscribes the use or possession of a firearm in the commission of any crime of violence or drug trafficking. Specifically, § 924(c)(1) provides that the purpose of the statute is to enhance the sentence of any conviction for a crime of violence or a crime involving drugs. Consistent with this policy, a sentence imposed under § 924(c)(1) is to be served consecutively with the underlying crime of violence or drug trafficking.

In his motion to dismiss the charges under § 924(c)(1), the defendant argued that expo-

sure to liability under § 924 placed him in jeopardy twice as the use of a firearm was an element in each crime, and that proof of each crime would require precisely the same proof. The Court, relying on *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), and *United States v. Moore*, 917 F.2d 215 (6th Cir.1990), denied his claim finding that in enacting § 924 Congress clearly set out its intent to enhance any sentence for a crime of violence or drug trafficking where a weapon is used.

■ . Federal courts of appeals have jurisdiction to review "all final decisions of the district court." 28 U.S.C. § 1291. A pretrial decision to deny a motion to dismiss an indictment on double jeopardy grounds is not a "final" order, as it does not resolve the case. However, in *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1976), the Court held that in certain circumstances a court's denial of a motion to dismiss on double jeopardy grounds is a final appealable decision.

■ The government argues that *Abney* does not apply to defendant's case because, unlike the defendant Abney, defendant has yet to be put in jeopardy. This Court agrees.

In finding that the district court's decision denying Abney's double jeopardy was a final appealable order under 28 U.S.C. § 1291, the Court relied on several factors. Among other things, the Court emphasized the fact that if the trial were allowed to go forward, there would have been the possibility that, because the defendant had already been tried once in connection with related criminal conduct, he would be exposed to the "personal strain, public embarrassment and expense of a criminal trial more than once for the same offense." *Id.* at 661, 97 S.Ct. at 2041. A subsequent decision reversing his sentence could not undo the extreme anxiety suffered by the defendant as a result of his liberty being placed twice in jeopardy.[1]

Other courts have reserved the allowance of interlocutory appeals on double jeopardy claims for instances where the defendant has already been placed in jeopardy. In *Willhauck v. Flanagan*, 448 U.S. 1323, 101 S.Ct. 10, 65 L.Ed.2d 1147 (1980), the Court denied the defendant's application to stay proceedings in two separate courts which he claimed involved the same charges in violation of the double jeopardy clause. In denying the defendant's application, the Court noted that neither case had proceeded to trial, and therefore, the defendant's constitutional claim was not ripe. Similarly, in *United States v. Grabinski*, 674 F.2d 677, 679 (8th Cir.1982), the court stressed that:

> [A] defendant must make a colorable showing of previous jeopardy and the threat of repeated jeopardy in order to state a claim of double jeopardy. If a defendant does not make a colorable showing of the elements of double jeopardy, the filing of a notice of appeal from the denial of his or her motion to dismiss should not divest the district court of jurisdiction.

(citations omitted).

Unlike the defendant in *Abney*, the defendant in the present case has not had his liberty previously placed in jeopardy. The government is seeking convictions on both statutes in the course of the same trial. Therefore, an interlocutory appeal is not necessary to avoid an otherwise unnecessary trial. If the Sixth Circuit should decide to reverse this Court's ruling on defendant's double jeopardy motion after the conclusion of this trial, then the defendant will have suffered no additional harm as he still had to proceed to trial on counts 1, 3 and 5. Finding that *Abney* does not apply to the present case, the Court denies defendant's oral motion to stay the proceedings pending an interlocutory appeal on the issue of double jeopardy.

IT IS SO ORDERED.

---

1. The *Abney* Court repeatedly stressed the reason this particular denial of the defendant's double jeopardy motion should be considered a final appealable decision is to protect the defendant from enduring two trials revolving around the same charges. *Id.* at 661, 97 S.Ct. at 2041 ("It [double jeopardy] is a guarantee against being twice put to *trial* for the same offense") (emphasis in original).